## EGBERT E. KEELER vs. HUGH DELANO.

In assumpsit on a promissory note secured by a chattel mortgage, the defence being want of consideration for note and fraud in obtaining mortgage, when the mortgagee had sold the mortgaged property upon due public notice, and the verdict indicated that the jury had given the defendant the value of the property mortgaged, *Held*, that the verdict was against law, and there being no objection to the charge of the Court, a new trial was granted on payment of costs.

*Ingham Circuit, October, 1870.*

*Geo. M. Huntington*, for Plaintiff.

*M. D. Chatterton*, for Defendant.

Motion for new trial.

*By the Court*, WOODRUFF, J.—This was an action brought on a promissory note given by defendant, J. D. Wheeler Co., October 12, 1867, for $125, payable September 12, 1868, with interest at ten per cent, and secured by a chattel mortgage executed by defendant and wife on various articles of personal property, some if not all of which were by law exempt from execution.

With his plea of the general issue, the defendant gave notice of set off, want of consideration and recoupement.

The actual defence sought to be made on the trial was want of consideration, the taking of other property than was admitted to have been taken on the chattel mortgage, the amount so admitted to having be received upon the security being $22.

The verdict of the jury was for the defendant for the sum of $40.

There was some proof going to show that other property of the defendant had disappeared, but no proof that it was taken or came to the hands of the mortgagees or the plaintiff, and that the property sold on the mortgage was of more value than what was realized by the sale, but there was no showing and no claim that the sale itself was not conducted fairly.

It is manifest from this statement of the case as made on the trial, that the jury in arriving at their verdict must have charged the defendant with the property taken on the chattel mortgage without regard to the sale, since this is the only reasonable theory of their verdict.

If they did so, then the verdict is against law. The most they could do, even on their supposition that they found the mortgage fraudulent, was to give the proceeds of the sale of the property as money had and received to the defendant's use.

The defendant, had he brought an action of assumpsit for the taking of the cow, waiving the tort, as perhaps he might, could only have recovered the amount realized by the sale, on the part of the mortgagee. He would not have recovered the value of the animal in that form of action. He certainly could do no more by the other form of waiver to which he has had recourse as a defence or set-off in assumpsit. *Hunter vs. Prinsch*, 10 *East.*, 391.

The verdict must therefore be set aside and a new trial awarded, on payment of costs, which is the established condition of a new trial where the verdict is against law, and the charge was not incorrect. See *Gr. & Wat. on N. T.*, 1, 601; *Bank of Utica vs. Ives*, 17 *Wend.*, 51; *Marvin vs. Fay*, 1 *E. D. Smith*, 107.